**IN THE UNITED STATES BANKRUPTCY COURT OF MARYLAND**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **TOP ROOFING, INC** | * | **Chapter 11** |
| DEBTOR | | |
| | * | **Case Number 11-22814** |

\* \* \* \* \* \* \* \*   \* \* \* \* \* \*

**THOMAS COX**   *

And   *

**TOP ROOFING, INC.**   *

   PLAINTIFF   *   Adver No.: _____

Vs.   *

**ROY KIRBY & SONS, INC**   *

And   *

**ANASTASIA E. THOMAS**   *

   DEFENDANT'S   *

\* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT**

NOW COMES, Thomas Cox and Top Roofing, Inc., "Plaintiff's", by their attorneys KIM PARKER, ESQUIRE AND THE LAW OFFICES OF KIM PARKER, P.A, sues the above-referenced Defendant. In support thereof state:

**Venue**

1.      This adversary proceeding is one arising in the Plaintiff's case under Chapter 11 of title 11 now pending in this Court. This is an adversary proceeding pursuant to Bankruptcy Rule 7001.

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G)(O).



*Law Offices Of*
**KIM PARKER, P.A.**

**2123 Maryland Avenue**
**Baltimore, MD 21218**
**Tel: (410) 234-2621**
**Fax: (410) 234-2612**

kp@kimpaarkerlaw.com

1

## FACTUAL ALLEGATIONS

3.      Plaintiff Thomas Cox, hereinafter referred as "Cox", is a resident of the State of Maryland and resides in Baltimore City. At all times relevant herein, Mr. Cox is the owner of Top Roofing, Inc.

4.      Plaintiff Top Roofing, Inc., is a Maryland Corporation in good standing, that conducts business in the State of Maryland.

5.      Defendant Roy Kirby & Sons, Inc., is a Maryland Corporation in good standing, that conducts business in the State of Maryland.

6.      Defendant Anastasia E. Thomas is an attorney licensed to practice in the State of Maryland.

7.      On June 26, 2009, Plaintiff Top Roofing, Inc., entered into a sub-contract agreement with Defendant Kirby.

8.       The contract provided in relevant part that:

**"This SUBCONTRACT made the 16th day of June, 2009, by and between ROY KIRBY & SONS, INC, and Top Roofing, 5406 Morello Road, Baltimore, Maryland 21214, Attention:[emphasis added] Mr. Tom Cox.......Hereinafter "Subcontractor"**

9.      On June 20, 2011, Plaintiff Top Roofing, Inc., filed for protection under Chapter 11 of the Bankruptcy Code. Defendant Kirby was listed as a creditor on the Debtor's mailing matrix.

10.     On July 28, 2011, Defendant Roy Kirby & Sons, Inc., through counsel filed suit in the Circuit Court of Maryland for Baltimore City against Thomas L Cox t/a Top Roofing.

11.     On August 18, 2011, Plaintiff Top Roofing, Inc., filed a Notice of Suggestion of Bankruptcy. The Defendant Roy Kirby & Sons, Inc., filed an opposition to the Stay request, indicating that Plaintiff Cox was not a party to the Bankruptcy.

12.     On October 11, 2011, the Circuit Court of Maryland for Baltimore City held a hearing on Plaintiff's Motion to stay, at which time the Defendant Thomas continued with her



*Law Offices Of*
**KIM PARKER, P.A.**

**2123 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 234-2621
Fax: (410) 234-2612**

kp@kimpaarkerlaw.com

current positions that the stay does not apply in the case. Although, Defendant's Kirby and Thomas were well aware that the alleged sub-contractor agreement was entered into with Top Roofing, Inc.

13.  Thomas and Kirby were aware that they should have filed a Motion for Relief from the Automatic Stay to proceed, notwithstanding they continued to move forward with the Circuit Court proceeding.

14.  On October 11, 2011, The Circuit Court ruled that they would stay all action in the case until such time as they receive further notice from United States Bankruptcy Court.

### Count I- Willful Violation of the Automatic Stay
### (Thomas and Kirby)

15.  Plaintiff's incorporates paragraphs one (1) through Fourteen (14) as if herein restated for reference.

16.  In the Complaint filed in the Circuit Court by Defendant's, it was alleged that Thomas Cox owns and operates a sole proprietorship trading under the name of "Top Roofing".

17.  The Complaint goes on to say that the trade name of Top Roofing has not been registered with SDAT.

18.  On August 11, 2011, the Defendant's caused the Complaint to be served on Top Roofing, Inc., at its place of business located at 5406 Morello Road, Baltimore, Maryland 21206.

19.  Upon receipt of service, Plaintiff's took immediate action to stay the case, thus placing Defendant's on notice that the proper forum for the alleged breach of contract action was the United States Bankruptcy Court of Maryland.

20.  Instead of proceeding in that recommended fashion, Defendant's objected to the relief sought on the basis that Plaintiff Cox did not file the Bankruptcy and that Top Roofing was not being sued.



*Law Offices Of*
**KIM PARKER, P.A.**

**2123 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 234-2621
Fax: (410) 234-2612**

kp@kimpaarkerlaw.com

3

21.     Defendant's knew or had good reason to know that the statements proffered were patently false.

22.     Contrary to the inaccurate and misleading statements proffered by the Defendant's in their complaint, Top Roofing, Inc., was a Maryland Corporation in good standing registered since January 15, 1998.

23.     It is abundantly clear that Defendant's failed to act with diligence in suing the correct party and acted with deliberate indifference to circumvent the bankruptcy laws. It is important to note that the Plaintiff Top Roofing, Inc., was listed on the debtor's bankruptcy schedules. Defendant's received subsequent notice of the Bankruptcy even after the matter was filed the Circuit Court.

24.     11 U.S.C. § 362(a)(6) prohibits "any act to collect, assess or recover a claim against the Debtor that arose before the commencement of the case.

25.     During the pendency of the instant Chapter 11 bankruptcy case, neither of the Defendants obtained termination, modification, or relief from the effects of the automatic stay as it pertains to the Plaintiffs Top Roofing, Inc.

26.     Despite the abundance of notice to all Defendant's regarding the existence of the Chapter 11 bankruptcy case and the subsequent automatic stay, the Defendant's willfully violated the automatic stay by continuing the Circuit Court matter against the Plaintiff Top Roofing, Inc.

27.     Because of the Defendant's willful violation of the automatic stay, the Plaintiff suffered injuries consisting of, but not limited to, costs post-petition and other miscellaneous expenses.

28.     Because of the Defendants' actions, the Plaintiff was forced to hire counsel to prosecute this claim. 11 U.S.C. § 362(h) provides that any individual injured by a Defendant's willful violation shall recover attorney fees, costs, and in certain circumstances, punitive damages.

*Law Offices Of*
**KIM PARKER, P.A.**

**2123 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 234-2621
Fax: (410) 234-2612**

kp@kimparkerlaw.com

4

29. All of the Defendants' conduct rises to the level of willfulness.

**WHEREFORE,** Plaintiff Top Roofing, Inc., respectfully request that this Honorable Court enter judgment against the Defendant's, Roy Kirby & Sons, Inc., and . and Anastasia E. Thomas., for the following:

a) Punitive damages for the Defendants' willful violation of the bankruptcy automatic stay as afforded by 11 U.S.C. § 362;

b) Actual damages;

c) Costs and reasonable attorney fees and,

d) For such other relief that is just.

### Count II- Declaratory Judgment
### (Kirby)

30. Plaintiff's incorporates paragraphs one (1) through twenty-none (29) as if herein restated for reference.

31. A cursory and rudimentary reading of the contract between the parties, the context of the contract and the transactional documents reveal the real party to the contract was entered into by Top Roofing, Inc., and not Thomas Cox. Thomas Cox is the sole shareholder of Top Roofing and it provides his sole source of revenue.

**WHEREFORE**, Plaintiff Thomas L. Cox, request the court to enter a declaratory judgment that any alleged debt owed to Defendant Roy Kirby & Sons, Inc., is the responsibly of Plaintiff Top Roofing, Inc., and that he is not personally responsible for the alleged disputed debt.

### Count III- Injunctive Relief
### (Kirby)

32. Plaintiff's incorporates paragraphs one (1) through thirty-one (31) as if herein restated for reference.

33. The June 16, 2009, agreement was entered into by Plaintiff Top Roofing and Defendant Kirby.



*Law Offices Of*
**KIM PARKER, P.A.**

**2123 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 234-2621
Fax: (410) 234-2612**

kp@kimpaarkerlaw.com

5

*Law Offices Of*
**KIM PARKER, P.A.**

**2123 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 234-2621
Fax: (410) 234-2612**

kp@kimpaarkerlaw.com

34. The Defendant Kirby should be enjoined from attempting to bring action against the Plaintiff Cox for a debt that he is not legally liable for.

35. Moreover, since the Defendant Kirby has filed a Proof of Claim in the underlying case, any alleged claim would be dealt with directly by the estate.

**WHEREFORE,** Plaintiff Respectfully pray that this Court entered an order:

a) Enjoining the Defendant from bringing a claim against Thomas L. Cox regarding the alleged contract;

b) Certify the same to the U.S. District Court.

Respectfully Submitted,
LAW OFFICES OF KIM PARKER, P.A.

*/s/ Kim Parker*
_____
Kim Parker, Esq, Bar#23894
2123 Maryland Avenue
Baltimore, Maryland 21218
(410) 234-2621, Office
(410) 234-2612, Facsimile
kp@kimparkerlaw.com

COUNSEL TO PLAINTIFF'S

**STATEMENT REGARDING CORE AND NON-CORE PROCEEDINGS**

Pursuant to Local Bankruptcy Rule 7012-1 as Amended, Plaintiff's consent's to final entry of Orders and judgments in the underlying matter.

*/s/ Kim Parker*
_____
Kim Parker, Esq.