## IN THE UNITED STATES BANKRUPTCY COURT OF MARYLAND
## NORTHERN DIVISION

| | | |
|---|---|---|
| **TOP ROOFING, INC** | * | **Chapter 11** |
|     DEBTOR | | |
| | * | **Case Number 11-22814** |
| * * * * * * * * | * * * * * | |
| **THOMAS COX** | * | |
| And | * | |
| **TOP ROOFING, INC.** | * | |
|     PLAINTIFF | * | **Adver No.: 12-00041** |
| Vs. | * | |
| **ROY KIRBY & SONS, INC** | * | |
| And | * | |
| **ANASTASIA E. THOMAS** | * | |
|     DEFENDANT'S | * | |
| * * * * * * * * * | * * * * * | |

### MOTION TO QUASH SUBPOENA

    Thomas Cox & Top Roofing, Inc., ("Plaintiff's"), by their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, hereby moves to quash, or in the alternative for a protective order with respect to, the Subpoena dated May 24, 2012, (the "Subpoena") issued by counsel for the Defendant's, commanding Wells Fargo Financial, N.A. to produce and permit the inspection of documents relating to Plaintiff's financial accounts. For reasons state:

    The Subpoena should be quashed, or an appropriate protective order should be issued, for at least two reasons. First, the Subpoena seeks intrusive discovery of a broad

1

range of personal information regarding the financial accounts of Plaintiff's. Second, the Subpoena seeks discovery of information that is far beyond the scope of the discovery under applicable law.

## I. LEGAL ANALYSIS AND ARGUMENT

Federal Rule of Civil Procedure 45(c)(3)(A) provides in relevant part:

On timely motion, the court by which a subpoena was ordered shall quash
or modify the subpoena if it....
(iv) subjects a person to undue burden.

FED. R. CIV. P. 45(c)(3)(A).

Federal Rule of Civil Procedure 26(c) provides in relevant part:
Upon motion by . . . the person from whom discovery is sought . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a . . . person from annoyance, embarrassment, oppression, or undue burden or expense[.]

Upon showing of good cause, the court may order "that the disclosure or discovery not be had." FED. R. CIV. P. 26(c)(1). The decision of whether to grant a protective order is soundly in the discretion of the court. *Keyes v. Lenoir Rhyne College*, 552 F.2d 579, 581 (4th Cir. 1977), cert. denied, 434 U.S. 904 (1977).

Here, the Subpoena should be quashed to prevent undue burden to Plaintiff's or, alternatively, a protective order should be issued to protect Plaintiff's from annoyance, embarrassment, oppression, undue burden and/or expense. The Subpoena seeks the production of a broad range of confidential financial records of a non-party that have no relevance to the pending litigation. Even if sought from a party, this type of intrusive discovery generally would not be permitted in civil litigation absent a strong justification (which does not exist here and has not even been offered) and a court-approved

confidentiality order. Plaintiff's legitimate interest in preserving sensitive personal financial information is in jeopardy.

Under Maryland law, a bank customer's account information is confidential and, absent compulsion by law, a bank may not make any disclosures concerning a customer without the customer's prior authorization. <u>Suburban Trust Co. v. Waller</u>, 44 Md. App. 335, 344, 408 A.2d 758, 764 (1979). *See also* MD. FIN. INST. CODE ANN. §§ 1-301 through 1-305; <u>Taylor v.NationsBank, N.A.,</u> 365 Md. 166, 776 A.2d 645 (2001) (holding that a bank breached its duty of disclosure when it disclosed information regarding one of its customers).

**WHEREFORE,** Plaintiff's requests that the Court:

(a) Quash the Subpoena or, in the alternative, issue an appropriate protective order; and

(b) Grant such other and further relief as is just and appropriate under the circumstances.

                                       Respectfully Submitted,
                                       /s/ Kim Parker

                                       _____
                                       KIM PARKER, ESQUIRE
                                       FEDERAL BAR NO.: 23894
                                       LAW OFFICES OF KIM PARKER, P.A.
                                       2123 Maryland Avenue
                                       Baltimore, Maryland 21218
                                       410-234-2621
                                       410-234-2612 Facsimile
                                       kp@kimparkerlaw.com email

Respectfully Submitted,

/s/ Kim Parker

_____
Kim Parker, Esquire
Counsel for Plaintiff
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this  5th        day of   June  2012, a copy of the foregoing Motion for Protective Order  was served on:

Francis R. Laws, Esquire
**Counsel to Defendant's**

Deborah J. Snyder, Esquire
Wells Fargo Law Department
301 South College Street
One Wachovia Center
Suite 4000
Charlotte, NC 28282-0013
**Via First Class Mail and Facsimile  (704) 383-0996**

Gwenn Axelrod, Esquire
Wells Fargo Corporate Counsel's Office
Law Department
MAC #E2064-106
333 S. Grand Ave. 10 Fl.
Los Angeles, CA 90071
**Via First Class Mail and Facsimile (213) 628-9918**

/s/ Kim Parker
_____
Kim Parker, Esquire

4