**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
<u>BALTIMORE DIVISION</u>**

| | | |
|---|---|---|
| In re: | * | |
| TOP ROOFING, INC. | * | Case No.: 11-22814 |
| Debtor | * | (Chapter 7) |
| * * * * * * | * * * * * * * | |
| THOMAS L. COX | * | |
| and | * | |
| TOP ROOFING, INC. | * | Adversary No.: 12-00041 |
| Plaintiffs | * | |
| vs. | * | |
| ROY KIRBY & SONS, INC. | * | |
| and | * | |
| ANASTASIA E. THOMAS | * | |
| Defendants | * | |
| * * * * * * | * * * * * * * | |

**DEFENDANTS' MEMORANDUM IN SUPPORT
<u>OF MOTION FOR SANCTIONS</u>**

Francis R. Laws (02596)
flaws@tandllaw.com
Thomas & Libowitz, P.A.
100 Light Street, 11th Floor
Baltimore, Maryland 21202
Telephone:  (410) 752-2468
Fax:  (410) 752-0979

*Attorneys for Defendants Roy Kirby & Sons, Inc.
and Anastasia E. Thomas*

## TABLE OF EXHIBITS

| Exhibit No. | Description |
| --- | --- |
| 1 | April 19, 2012 Certificate of Service |
| 2 | April 30, 2012 Parker Email |
| 3 | Notice of Cox Deposition |
| 4 | Notice of Top Roofing, Inc. Deposition |
| 5 | May 10, 2012 Email Chain |
| 6 | May 23, 2012 Laws Email |
| 7 | May 30, 2012 Email Exchange |
| 8 | Excerpts of M. Kivitz Deposition Transcript |
| 9 | June 6, 2012 Email Exchange |
| 10 | June 11, 2012 Laws Email |
| 11 | June 13, 2012 Laws Email |
| 12 | Amended Notice of Cox Deposition |
| 13 | Amended Notice of Top Roofing, Inc. Deposition |
| 14 | June 13, 2012 Parker Email |
| 15 | Cox Answers to Interrogatories |
| 16 | Cox Responses to Request for Documents |
| 17 | Top Roofing, Inc. Answers to Interrogatories |
| 18 | Top Roofing, Inc. Responses to Request for Documents |
| 19 | July 3, 2012 Laws Letter |
| 20 | June 20, 2012 Parker Email Transmission |
| 21 | June 20, 2012 Parker Email |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
<u>BALTIMORE DIVISION</u>**

| | | |
|---|---|---|
| In re: | * | |
| TOP ROOFING, INC. | * | Case No.: 11-22814 |
| Debtor | * | (Chapter 7) |
| * * * * * * * * * * * * * | | |
| THOMAS L. COX | * | |
| and | * | |
| TOP ROOFING, INC. | * | Adversary No.: 12-00041 |
| Plaintiffs | * | |
| vs. | * | |
| ROY KIRBY & SONS, INC. | * | |
| and | * | |
| ANASTASIA E. THOMAS | * | |
| Defendants | * | |
| * * * * * * * * * * * * * | | |

**DEFENDANTS' MEMORANDUM IN SUPPORT
<u>OF MOTION FOR SANCTIONS</u>**

Defendants in the above-captioned case, Roy Kirby & Sons, Inc., a Maryland corporation

("Kirby") and Anastasia E. Thomas ("Thomas" and together with Kirby, "Defendants"), by and

through counsel, hereby move to extend the discovery period set by the March 12, 2012,

Scheduling Order issued in the above-captioned case for the purpose of taking discovery beyond

the discovery deadline.  In the alternative, Defendants urge the Court to exclude information as a

sanction for the near complete failure and refusal to participate in discovery on the part of the

Plaintiffs in the above-captioned case, Thomas L. Cox ("Cox") and Top Roofing, Inc. (the

"Corporation" and together with Cox, "Plaintiffs").  As grounds for this Motion, Defendants

state as follows:

On March 7, 2012, the Court held a hearing on the above matter at which, with the

concurrence of counsel, it established a Scheduling Order, issued March 12, 2012, setting, *inter*

*alia*, July 5, 2012 as the date for discovery to end, and August 6, 2012 as the deadline for

dispositive motions.

On April 19, 2012, Defendants served interrogatories and document requests on

Plaintiffs, with responses due May 22, 2012.  4/19/12 Cert. of Service, Ex. 1.

On April 30, 2012, Plaintiffs' attorney, Kim Parker ("Parker"), agreed to June 6, 2012,

after the responses to interrogatories and document requests were due, as the date for the

depositions of both Plaintiffs.  Accordingly, the depositions were noted for that date.  4/30/12

Parker Email, Ex. 2; Notice of Cox Deposition, Ex. 3; Notice of Top Roofing, Inc. Deposition,

Ex. 4.

On May 7, 2012, Plaintiffs designated Marc Kivitz ("Kivitz"), as an expert to testify with

respect to legal conclusions regarding bankruptcy matters.  Defendants attempted to obtain a date

to depose Kivitz, seeking to depose him in sufficient time to determine whether Defendants

needed to designate a counter expert.[1]  At first, Plaintiffs tried to set the date for the deposition to

a time after Defendants' designations were due, but then relented and agreed to the date of June

1, 2012 for the deposition.  *See* 5/10/12 Email Chain, Ex. 5.

---

[1] Kivitz's designation stated that he would testify as to bankruptcy law.  Feeling relatively certain that such testimony would not be admissible, Defendants wanted to depose him to make sure they understood the scope of his opinions. *See United States v. Chapman*, 2006 WL 3539146, 209 Fed. Appx. 253 (4th Cir. 2006), *cert. denied*, 550 U.S. 949 (2007) (allowing an expert to express a legal conclusion usurps "the district court's obligation to explain the governing law" to the jury).

2

On May 9, 2012, Plaintiffs noticed the depositions of Defendants to occur simultaneously with the previously noticed depositions of Plaintiffs. Defendants objected and provided alternate dates. *Id*.

On May 23, 2012, Defendants requested Plaintiffs' discovery responses that were due the day before. Plaintiffs did not respond to the request. 5/23/12 Laws Email, Ex. 6.

On May 30, 2012, Plaintiffs advised Defendants that the discovery due May 22, 2012 would be provided after Defendants deposed Plaintiffs. Plaintiffs' depositions were set for June 6, and Plaintiffs said they could provide discovery responses on June 8, 2012. 5/30/12 Email Exchange, Ex. 7.

On May 30, 2012 Defendants advised they would not agree to a date subsequent to the depositions for the discovery responses. Defendants further pointed out, with authority, that by failing to timely object to the discovery, Plaintiffs had waived any such objections. *Id*.

On June 1, 2012, Defendants deposed Kivitz. At the deposition, Kivitz told Defendants' counsel that he had been provided a stack of documents less than a day before via email from Plaintiffs' counsel that he had relied upon, and which supported his legal conclusions. Despite the fact that Defendants' document requests specifically requested such documents, Plaintiffs did not provide them to Defendants, not before the deposition, nor at the deposition. Kivitz Tr. 15-16, Ex. 8.

On June 5, 2012, Plaintiffs moved to quash a subpoena for financial records directed to Wells Fargo Bank, the institution the Corporation was using for its business banking. The Court denied the motion to quash and Wells Fargo only provided the requested documents on July 3, 2012.

On June 6, 2012, Defendants were supposed to depose Plaintiffs, beginning at 10:00 am. *See* Ex. 3.  At 8:33 a.m. that morning, Plaintiffs' counsel emailed Defendants' attorney informing him that Cox would not be present at Plaintiffs' depositions because of "shoulder pain and shortness of breath."  Defendants' counsel responded almost immediately to request that Plaintiffs' counsel contact him with new dates as soon as she was able to coordinate with Cox. Plaintiffs' counsel assured Defendants that, "[a]s soon as I am able to communicate with [Cox] I will provide you with some alternative dates."  6/6/12 Email Exchange, Ex. 9.

Plaintiffs' counsel did not contact Defendants' counsel with alternate dates for Plaintiffs' depositions on, or at any time after, June 6, 2012.

On June 11, 2012, Defendants inquired as to when they could expect to depose the Plaintiffs.  Plaintiffs' counsel did not respond.  6/11/12 Laws Email, Ex. 10.

On June 13, 2012, having heard nothing from Plaintiffs' counsel, Defendants noted the deposition of Plaintiffs for June 21, 2012, a date that Defendants knew that Plaintiffs' counsel was available.  6/13/12 Laws Email, Ex. 11; Amended Notice of Cox Deposition, Ex. 12; Amended Notice of Top Roofing, Inc. Deposition Ex. 13.

On June 13, 2012, after the Plaintiffs' depositions were noted, Plaintiffs served the answers to discovery requests that were due May 22, 2012.  Those answers are virtually non-responsive in almost every respect.[2]  6/13/12 Parker Email, Ex. 14.

On June 20, 2012, Plaintiffs emailed ninety-seven (97) documents to Defendants, representing that the documents were responsive to Defendants' discovery requests.

---

[2] Attached as Exhibits 15, 16, 17, and 18 are Plaintiffs' answers to interrogatories and responses to document requests.  Although the interrogatory answers referred to attached documents, no documents were attached.  Defendants have advised Plaintiffs of the need to supplement the responses. *See* 7/3/12 Laws Letter, Ex. 19.

On June 20, 2012, the Court ordered that the Corporation's Chapter 11 bankruptcy case be converted to a Chapter 7 case. 6/20/12 Parker Transmission Email, Ex. 20.

Shortly thereafter, on June 20, 2012, Plaintiffs informed Defendants that Plaintiffs would not appear for their scheduled depositions on June 21, 2012 "due to recent developments in the underlying bankruptcy case. Specifically, Judge Schneider converted the Top Roofing, Inc., case sua sponte to Chapter 7." 6/20/12 Parker Email, Ex. 21.

As of July 5, 2012, Defendants have been denied the opportunity to depose Plaintiffs, to receive and review documents relevant to Plaintiffs' claims, and to receive answers to interrogatories that are central to Plaintiffs' claims. For instance, Defendants have requested that Plaintiffs detail distributions from the Corporation during the time the Corporation was in financial distress preceding the bankruptcy petition. Plaintiffs answered that Plaintiff Cox received distributions from the Corporation, but not how much, when, and/or on what basis. Ex. 15. If Cox received income from the Corporation when it was insolvent, this obviously creates individual liability on his part on multiple levels. *See, e.g.,* Md. Code Ann., Corps. & Ass'ns §§ 2-311, 2-312, and 2.405.1 (2012).

Plaintiffs' virtually complete failure to cooperate in discovery, and willful failure to appear at depositions, warrants dismissal. *See Rogler v. Phillips Bldg. Mental Retardation Program*, 126 F.R.D. 509, 514 (D. Md. 1989) (dismissal proper where plaintiff continually failed to participate in discovery); *Zornes v. Specialty Indus., Inc.*, 166 F.3d 1212, *8 (4th Cir. 1998) ("[w]hen a party deceives a court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process, the court has the inherent power to dismiss the action.") (citation omitted) (unpublished); *Rabb v. Amatex Corp.,*

769 F.2d 996, 1000 (4th Cir. 1985) (sanction of exclusion of evidence and resulting dismissal proper where party willfully disregarded discovery timetable).

Typically, the Fourth Circuit looks for a previous violation of court orders when reviewing a decision to dismiss for discovery violations. *See Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 92-93 (4th Cir. 1989); *Zornes v. Specialty Indus., Inc.*, 166 F.3d 1212, *5 (4th Cir. 1998) (unpublished); *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59 (1998). Defendants respectfully submit, however, that Plaintiffs' utter disregard for the Scheduling Order, coupled with willful evasion of their discovery obligations, constitute an exception to this one bite rule.

The fact that this is a Chapter 7 proceeding further militates to dismissal. At this point, every dollar spent on defense of the claims against Cox personally are dollars taken from the bankruptcy estate to the detriment of its creditors. The state court proceedings upon which this adversary proceeding are based do not seek any relief against the Corporation. Cox is sued personally for conduct in which he engaged in his personal capacity. It is a misuse of these proceedings, particularly where the Plaintiffs are intentionally multiplying efforts for both the Court and the Defendants, to continue to defend Cox personally using the Corporation's money.

In the alternative, Defendants request that Kivitz's testimony be excluded, that Plaintiffs be barred from introducing evidence withheld from discovery, and that the Court order that the following facts have been established:

- The Corporation was, and has been, insolvent since January 1, 2009 or before.

- Cox was authorizing and receiving distributions as an officer and shareholder of the Corporation while the Corporation was insolvent despite the fact that the Corporation owed liquidated amounts to various creditors.

- Cox received and used for personal purposes payments received from Kirby pursuant to the Subcontract that is the subject of the Complaint.

In the alternative, Defendants request that the Court order that Kivitz's testimony be excluded, that Plaintiffs be barred from introducing evidence withheld from discovery, and that the Court find presumptions in favor of Defendants in those areas where Plaintiffs have been evasive.  In that regard, Defendants seek that the Court order the following presumptions apply in any fact finding proceeding in this matter:

> ➢ Plaintiffs' failure to produce the tax returns and financial records requested by Defendants creates the presumption that these records are probative of the fact that Cox entered into the Subcontract with Kirby in his individual, rather than corporate, capacity.

> ➢ Plaintiffs' failure to produce the tax returns and financial records requested by Defendants creates the presumption that these records are probative of the fact that Cox was using the income received from Kirby pursuant to the Subcontract for personal, rather than corporate, purposes.

Lastly, if the Court is not inclined to award the above requested relief, Defendants ask that the Court exclude Kivitz's testimony as a sanction for Plaintiffs' misconduct in not providing the documents Kivitz relied upon to Defendants in advance of Kivitz's deposition. Defendants further request that the Court extend the discovery period to allow Defendants to develop the information necessary to defend against Plaintiffs' allegations that Plaintiffs have so far successfully withheld.  Given that Defendants have received almost nothing from Plaintiffs to this point, Defendants ask for another ninety (90) days, and an order requiring the Plaintiffs to participate in discovery.

7

Respectfully Submitted,


_____/s/_____

Francis R. Laws (02596)
flaws@tandllaw.com
Thomas & Libowitz, P.A.
100 Light Street, 11th Floor
Baltimore, Maryland 21202
Telephone:   (410) 752-2468
Fax:  (410) 752-0979

*Attorneys for Defendants Roy Kirby & Sons, Inc.
and Anastasia E. Thomas*

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically this 5th day of July 2012.  Notice of the

filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may

access this filing through the Court's system.


_____/s/_____

Francis R. Laws