# EXHIBIT 18

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
<u>BALTIMORE DIVISION</u>

| | | |
|---|---|---|
| In re: | * | |
| TOP ROOFING, INC. | * | Case No.: 11-22814 |
| Debtor | * | (Chapter 11) |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| THOMAS L. COX | * | |
| and | * | |
| TOP ROOFING, INC. | * | Adversary No.: 12-00041 |
| Plaintiffs | * | |
| vs. | * | |
| ROY KIRBY & SONS, INC. | * | |
| and | * | |
| ANASTASIA E. THOMAS | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S RESPONSE TO DEFENDANTS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF TOP ROOFING, INC.

### GENERAL OBJECTIONS

1. Defendants object to Plaintiff's "Instructions" and "Definitions" to the extent they purport to impose discovery obligations that differ from or exceed the discovery obligations imposed by the Bankruptcy and Local Rules

2. Defendants object to the Interrogatories and Requests for Production of Documents to the extent that they seek information protected by the attorney-client privilege, the work-product privilege, or any other privilege, protection, or immunity applicable under the governing law.

3. Defendants object to the Interrogatories and Requests for Production of Documents to the extent that they are overly broad, unduly burdensome, oppressive, and/or seek information that is not relevant to the issues in this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.

4. These General Objections are made, to the extent applicable, in response to each of the Interrogatories and Requests for Production of Documents as if the objections were fully set forth therein.

5. Defendants respond to each of the Interrogatories and Requests for Production of Documents based upon information and documentation available as of the date hereof and reserve the right to supplement and amend their responses.

## RESPONSES

**Request No. 1:** In accordance with the foregoing Instructions, provide for inspection and copying the Corporation's federal and state income tax returns (along with all schedules and attachments) for the years 2009 through the present.

**RESPONSE: Plaintiff objects to the foregoing request as it attempts to solicit information not reasonable calculated to lead to admissible evidence. Moreover, the request seeks information that is outside the scope of discovery.**

**Request No. 2:** In accordance with the foregoing Instructions, provide for inspection and copying the Corporation's books and records, which shall include, but not be limited to, minutes of any and all meetings of shareholders and/or directors, any and all corporate resolutions, any

and all organizational documents, and any and all documents filed with the Maryland State Department of Assessments and Taxation.

**RESPONSE: Plaintiff objects to the foregoing request as it attempts to solicit information not reasonable calculated to lead to admissible evidence. Moreover, the request is overly broad and seeks information without specifying time and scope.**

<u>Request No. 3</u>: In accordance with the foregoing Instructions, provide for inspection and copying any and all documents or property of any nature which reflect any communication between Plaintiff and any person concerning the allegations set forth in the Complaint.

**RESPONSE: Plaintiff objects to the foregoing request on the grounds that it calls for materials gathered in anticipation of litigation, information protected under attorney-client privilege, and attorney work product. Further, this request is overly broad, and vague.**

**Without waiving said objection, Plaintiff attaches responsive documents.**

<u>Request No. 4</u>: In accordance with the foregoing Instructions, provide for inspection and copying any and all financial institution records for any and all accounts held in the name of the Corporation at any financial institution from January 1, 2009 to the present.

**RESPONSE: Plaintiff objects to the foregoing request on the grounds that it calls for materials gathered in anticipation of litigation, information protected under attorney-client privilege, and attorney work product. Further, this request is overly broad, and vague. Moreover, plaintiff objects to the foregoing request as it attempts to solicit information not reasonable calculated to lead to admissible evidence.**

<u>Request No. 5</u>: In accordance with the foregoing Instructions, provide for inspection and copying any and all documents or property of any nature which reflect all communications between Plaintiff and Defendants regarding the allegations set forth in the Complaint, as well as any aspect of the Corporation's relationship with Defendants.

**RESPONSE: Plaintiff objects to the foregoing request on the grounds that it calls for materials gathered in anticipation of litigation, information protected under attorney-client privilege, and attorney work product. Further, this request is overly broad, and vague.**

**Without waiving said objection, Plaintiff attaches responsive documents.**

<u>Request No. 6</u>: In accordance with the foregoing Instructions, provide for inspection and copying any and all documents evidencing correspondence between the Corporation and any vendors, suppliers, employers, contractors, and/or government agencies related to any construction or work performed on Violetville Elementary School.

**RESPONSE: Plaintiff objects to the foregoing request on the grounds that it calls for materials gathered in anticipation of litigation, information protected under attorney-client privilege, and attorney work product. Further, this Interrogatory is overly broad, and vague.**

**Without waiving said objection, Plaintiff attaches responsive documents.**

<u>Request No. 7</u>: In accordance with the foregoing Instructions, provide for inspection and copying any and all documents of any nature which relate to, form the basis of, substantiate, or pertain in any way to Plaintiff's claims for damages.

**RESPONSE: Plaintiff objects to the foregoing document request on the grounds that it calls for materials gathered in anticipation of litigation, information protected under attorney-client privilege, and attorney work product. Further, this Interrogatory is overly broad, and vague. Moreover, the request seeks mental impression of counsel and calls for a legal conclusion.**

**Without waiving said objection, Plaintiff attaches responsive documents.**

<u>Request No. 8</u>: In accordance with the foregoing Instructions, provide for inspection and copying any and all documents or property identified in, reflecting information contained in, forming the basis for, substantiating, or pertaining in any respect to Plaintiff's forthcoming Answers to Defendants' First Set of Interrogatories to Plaintiff, served simultaneously herewith.

**RESPONSE: Plaintiff objects to the foregoing request on the grounds that it calls for materials gathered in anticipation of litigation, information protected under attorney-client privilege, and attorney work product. Further, this request is overly broad, and vague. The request also seeks mental impression of counsel and calls for a legal conclusion**

4

**Request No. 9:** In accordance with the foregoing Instructions, provide for inspection and copying any and all documents not previously requested herein that are relevant or relate to any of the allegations in Plaintiff's Complaint or that relate to any of Defendants' defenses asserted in the Answer.

**RESPONSE: Plaintiff objects to the foregoing request on the grounds that it calls for materials gathered in anticipation of litigation, information protected under attorney-client privilege, and attorney work product. Further, this request is overly broad, and vague. The request also seeks mental impression of counsel and calls for a legal conclusion.**

**Request No. 10:** In accordance with the foregoing Instructions, provide for inspection and copying the most recent resume or curriculum vitae of each expert whom you expect to call as an expert witness at trial.

**RESPONSE: Plaintiff has previously provided Defendant with Marc Kivitz Resume and report.**

**Request No. 11:** In accordance with the foregoing Instructions, provide for inspection and copying any and all written reports of each person whom you expect to call as an expert witness at trial.

RESPONSE: **See response to Request 10.**

**Request No. 12:** In accordance with the foregoing Instructions, provide for inspection and copying any and all drafts, working papers, or documents generated by each person, whom you expect to call as an expert witness at trial, in connection with the opinions and subjects on which the expert is expected to testify.

**RESPONSE: Plaintiff objects to the foregoing request on the grounds that it calls for materials gathered in anticipation of litigation, information protected under attorney-client privilege, and attorney work product. Further, this request is overly broad, and vague.**

**Request No. 13**: In accordance with the foregoing Instructions, provide for inspection and copying any and all documents related to any experts you have retained, including but not limited to, any documents evidencing any communication between Plaintiff or Plaintiff's representative(s) and each expert, any documents related to the financial arrangement between Plaintiff and/or Plaintiff's counsel with each expert (such as the fee agreement, billings, and the like), any documents examined or relied upon by such expert, and the identification of any authorities relied upon by such expert.

**RESPONSE: Plaintiff objects to the foregoing request on the grounds that it calls for materials gathered in anticipation of litigation, information protected under attorney-client privilege, and attorney work product. Further, this request is overly broad, and vague.**

**Request No. 14:** In accordance with the foregoing Instructions, provide for inspection and copying any and all statements or reports given to you relating in any way to this case.

**RESPONSE: Plaintiff objects to the foregoing request on the grounds that it calls for materials gathered in anticipation of litigation, information protected under attorney-client privilege, and attorney work product. Further, this request is overly broad, and vague.**

**Request No. 15:** In accordance with the foregoing Instructions, provide for inspection and copying any and all documents related to any income you have received from January 1, 2009 to the present.

**RESPONSE: Plaintiff objects to the foregoing request on the grounds that it calls for materials gathered in anticipation of litigation, information protected under attorney-client privilege, and attorney work product. Further, this request is overly broad, and vague.**

**Request No. 16:** In accordance with the foregoing Instructions, provide for inspection and copying any and all records reflecting payments you received from Kirby.

6

**RESPONSE:** Plaintiff objects to the foregoing request on the grounds that it calls for materials gathered in anticipation of litigation, information protected under attorney-client privilege, and attorney work product. Further, this request is overly broad, and vague. Without waiving the objection, Plaintiff responsive documents are attached.

<u>Request No. 17:</u> In accordance with the foregoing Instructions, provide for inspection and copying any and all financial records (in native format, *i.e.*, Quickbooks or whatever you use) pertaining to the project and any work performed or services provided pursuant to the subcontract referenced in Paragraph 7 of the Complaint.

**RESPONSE:** Plaintiff objects to the foregoing request on the grounds that it calls for materials gathered in anticipation of litigation, information protected under attorney-client privilege, and attorney work product. Further, this request is overly broad, and vague.

<u>Request No. 18:</u> In accordance with the foregoing Instructions, provide for inspection and copying any and all documents pertaining to any assets held (directly or indirectly) by you since January 1, 2009.

**RESPONSE:** Plaintiff objects to the foregoing request on the grounds that it calls for materials gathered in anticipation of litigation, information protected under attorney-client privilege, and attorney work product. Further, this request is overly broad, and vague.

<u>Request No. 19:</u> In accordance with the foregoing Instructions, provide for inspection and copying any and all documents reflecting your ownership (direct or indirect) in any business, real estate, corporate entity, etc.

**RESPONSE:** Plaintiff objects to the foregoing request on the grounds that it calls for materials gathered in anticipation of litigation, information protected under attorney-client privilege, and attorney work product. Further, this request is overly broad, and vague. Without waiving the objection, Plaintiff attaches responsive documents.

Respectfully Submitted,

/s/ **Kim Parker**

---

Kim Parker, Esquire
Counsel for Plaintiff
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621