# EXHIBIT 19

## Thomas & Libowitz, P.A.

A Professional Association founded in 1975

100 Light Street, Suite 1100 • Baltimore, MD 21202
Phone: 410-752-2468 • Fax: 410-752-2046

www.tandllaw.com

*Serving the Community for over 35 Years*

STEVEN ANARGYROS THOMAS+*
MICHAEL S. LIBOWITZ
ROBERT A. SNYDER, JR.
JOHN R. WISE
CLINTON R. BLACK, IV
C. WAYNE DAVIS
FRANCIS R. LAWS
CHARLES B. JONES

MEMBERS
LISA A. OLIVIERI

ASSOCIATES
MATTHEW F. PENATER
ANASTASIA E. THOMAS
MUNACHI O. NSOFOR=
JULIA A. CAROLAN
CLINTON R. BLACK, V~

COUNSEL
BARRY D. BERMAN
DAVID M. SHEEHAN~o
ZELIG ROBINSON
MARGARET L. ARGENT+

ALSO MEMBER OF DC BAR +
ALSO MEMBER OF VA BAR *
ALSO MEMBER OF NY BAR =
ALSO MEMBER OF CT BAR ~
ALSO MEMBER OF MA BAR o

July 3, 2012

<u>*Via Email and First-Class Mail*</u>

Kim Parker, Esquire
Law Offices of Kim Parker, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218

   Re: *Thomas Cox, et al. v. Roy Kirby & Sons, Inc., et al.*
      Adversary Case No. 12-41

Dear Kim:

  On April 19, 2012, we served both Mr. Cox and Top Roofing, Inc. (the "Corporation") with interrogatories and requests for production of documents and things. Plaintiffs failed to respond to these discovery requests on May 22, when they were due, did not seek an extension of time to respond, and it was only after repeated requests that on June 13, 2012, twenty-two (22) days after the responses were due, you emailed me copies of Plaintiffs' responses.

  The responses are, for the most part, unresponsive and insufficient. Among other things, Plaintiffs failed to identify or produce a single document even though the responses stated that Plaintiffs were attaching "responsive documents."

  After receiving the responses, I promptly asked Plaintiffs to produce the documents requested in the discovery requests (and referenced in the responses) by either sending copies of such documents to us or by making such documents available for inspection and copying. It was not until June 20, 2012, that Plaintiffs produced ninety-seven (97) documents, which you purport to be responsive to the discovery requests.

  The answers to almost all the interrogatories to both Mr. Cox and to the Corporation withhold information in whole or in part based on a variety of objections. Your failure to timely

Kim Parker, Esquire
July 3, 2012
Page 2

respond to the interrogatories operates as a waiver of your right to object. Rule 33(b)(4); *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 653 (D. Md. 1997). Please supplement your answers immediately.

Regarding Plaintiffs' responses to the document requests, the same rule applies, although Rule 34 is not as explicit in that regard. In both instances, the rule is premised on the principle that the failure to object timely waives the right to object.

In an abundance of caution, we have also addressed each category of objections in both the interrogatories and documents requests. Each objection is either incorrectly or inadequately interposed. You have waived the right to object but even if that were not the case, your objections are facially invalid.

**Plaintiff Top Roofing, Inc.'s Answers to Interrogatories**:

1. Objections to Interrogatory Nos. 2, 3, 4, 5, 6, 8, 9, 13, 14, 15, 16, 19, and 20.
   The Corporation objected to Interrogatory Nos. 2, 3, 4, 5, 6, 8, 9, 13, 14, 15, 16, 19, and 20 because it claims that such interrogatories are overbroad and/or burdensome and/or not reasonably calculated to lead to the discovery of admissible evidence. The Corporation also objected to several interrogatories on the ground that they were "not narrowly drafted." There is no valid "narrowly drafted" objection and your assertion of burdensomeness, etc., is completely inadequate. To successfully object to an interrogatory, a responding party cannot simply state that such interrogatory is overly broad, burdensome, oppressive, or irrelevant; rather, the party opposing discovery must specifically demonstrate *how* such interrogatory is overly broad, burdensome, oppressive, or irrelevant. Grimm, Paul W., *Discovery Problems and Their Solutions*, 2nd Ed., 36 (citing *Burns v. Imagine Films Entm't, Inc.*, 164 F.R.D. 589, 593-94 (W.D.N.Y. 1996)). The Corporation offered no explanation as to why it claims that Interrogatory Nos. 2, 3, 4, 5, 6, 8, 9, 13, 14, 15, 16, 19, and 20 are overbroad and/or burdensome and/or not reasonably calculated to lead to the discovery of admissible evidence. As such, these categories, although waived, are also fatally deficient.

2. Objections to Interrogatory Nos. 5, 6, 7, 9, and 20.
   The Corporation objected to Interrogatory Nos. 5, 6, 7, 9, and 20 because it claims that such interrogatories seek "materials gathered in anticipation of litigation, information protected under attorney-client privilege, and attorney work product." When responsive information is withheld passed on these protections, the objection needs to identify the attorney involved and the people present, and it needs to provide a description of the communication sufficient to enable the inquiring party to assess the applicability of the claimed privilege. Federal Rule of Civil Procedure 26(b)(5)(A); Discovery Guidelines 10(d). A blanket assertion that an interrogatory is objectionable because it seeks to traverse the work-product doctrine or invade the attorney-client privilege will not serve to defeat the inquiry. Thus, an objecting party must make a clear showing that the privilege or doctrine applies. Grimm at 37 (citation omitted). You did not provide any of this information.

Kim Parker, Esquire
July 3, 2012
Page 3

3. Answer to Interrogatory No. 7.

While the Corporation did provide an answer to Interrogatory No. 7, which requests a description of the relief sought by Plaintiffs in the Complaint, including a detailed calculation of each item of financial relief sought in the Complaint, the Corporation's answer is silent with respect to any form of relief other than attorneys' fees, and therefore it is not responsive. The Complaint clearly seeks other forms of relief in addition to attorneys' fees, and Defendants demand that the Corporation supplement its answer to Interrogatory No. 7 to include a description of all of the relief sought by Plaintiffs, including, but not limited to, all of the financial relief sought.

4. Answer to Interrogatory No. 8.

The Corporation did not answer Interrogatory No. 8, which asks you to identify financial institutions where the Corporation did business, and objected to it on the grounds that "it attempts to solicit information not reasonable [sic] calculated to lead to admissible evidence." You have already lost this argument; it is the same argument you made in moving to quash the subpoena to Wells Fargo Bank. The Court denied your motion, and we respectfully insist that you provide the information immediately.

5. Answer to Interrogatory No. 9.

In answer to Interrogatory No. 9, the Corporation asserts that it "has not forfeited its corporate status." The online database maintained by the Maryland State Department of Assessments and Taxation clearly shows that the Corporation's corporate status was forfeited on October 2, 2009. Thus, the information provided by the Corporation in its answer to Interrogatory No. 9 clearly contradicts a public record. Defendants would like to provide the Corporation with an opportunity to supplement its answer to explain such contradiction.

6. Answer to Interrogatory No. 12.

Interrogatory No. 12 asks the Corporation to "relate specifically the circumstances related to any and all distributions made by the Corporation to its shareholders…between January 1, 2009 and the present." To avoid just the type of non-response you provided, the interrogatory went on to specify that it sought the reason for each distribution, the specific amount distributed, and the date of each distribution. You responded that Mr. Cox received distributions during the time period stated. That obviously is a concern, as it is obvious that the Corporation was in financial distress during this period of time, and Mr. Cox's distributions to himself in favor of creditors, like our client, would support the individual liability that is alleged by my client. We would respectfully submit that the bankruptcy trustee is entitled to, and should insist upon receiving, the same information. Please answer this question immediately.

Kim Parker, Esquire
July 3, 2012
Page 4

**Plaintiff Top Roofing, Inc.'s Responses to Document Requests**:

1. Objections to Request Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 12, 13, 14, 15, 16, 17, 18, and 19.
   The Corporation objected to Request Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 12, 13, 14, 15, 16, 17, 18, and 19 because it claims that such requests are not reasonably calculated to lead to the discovery of admissible evidence and/or overly broad and/or burdensome. As stated above, a responding party cannot merely provide general objections; all objections must be stated with particularity. Grimm at 55; *Hall v. Sullivan*, 231 F.R.D. 468, 474 (D. Md 2005).

2. Objections to Request Nos. 3, 4, 5, 6, 7, 8, 9, 12, 13, 14, 15, 16, 17, 18, and 19.
   The Corporation objected to Request Nos. 3, 4, 5, 6, 7, 8, 9, 12, 13, 14, 15, 16, 17, 18, and 19 because it claims that such requests seek "materials gathered in anticipation of litigation, information protected under attorney-client privilege, and attorney work product." As stated above, when the attorney-client privilege is asserted, the objection should state the attorney involved and the people present, and it should provide a description of the communication sufficient to enable the inquiring party to assess the applicability of the claimed privilege. Federal Rule of Civil Procedure 26(b)(5)(A); Discovery Guidelines 10(d). Further, the blanket assertion that an interrogatory is objectionable because it seeks to traverse the work-product doctrine or invade the attorney-client privilege will not serve to defeat the inquiry.

**Plaintiff Cox's Answers to Interrogatories**:

1. Objections to Interrogatory Nos. 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 15, and 16.
   Mr. Cox objected to Interrogatory Nos. 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 15, and 16 because he claims that such interrogatories are overbroad and/or burdensome and/or not reasonably calculated to lead to the discovery of admissible evidence. Mr. Cox also objected to several interrogatories on the ground that they were "not narrowly drafted." As stated above, in addition to the fact that objections have been waived, these are not valid objections.

2. Objections to Interrogatory Nos. 3, 4, 5, 6, 7, 9, and 16.
   Mr. Cox objected to Interrogatory Nos. 3, 4, 5, 6, 7, 9, and 16 because he claims that such interrogatories seek "materials gathered in anticipation of litigation, information protected under attorney-client privilege, and attorney work product." When responsive information is withheld passed on these protections, the objection needs to identify the attorney involved and the people present, and it needs to provide a description of the communication sufficient to enable the inquiring party to assess the applicability of the claimed privilege. Federal Rule of Civil Procedure 26(b)(5)(A); Discovery Guidelines 10(d). A blanket assertion that an interrogatory is objectionable because it seeks to traverse the work-product doctrine or invade the attorney-client privilege will not serve to defeat the inquiry. Thus, an objecting party must make a clear showing that the privilege or doctrine applies. Grimm at 37 (citation omitted). You did not provide any of this information.

Kim Parker, Esquire
July 3, 2012
Page 5

3. Answer to Interrogatory No. 7.
   While Mr. Cox did provide an answer to Interrogatory No. 7, which requests a description of the relief sought by Plaintiffs in the Complaint, including a detailed calculation of each item of financial relief sought in the Complaint, Mr. Cox's answer is incomplete and therefore not responsive. Mr. Cox's answer only provides a calculation of the attorneys' fees sought as financial relief. The Complaint clearly seeks other forms of relief in addition to attorneys' fees, and Defendants demand that Mr. Cox supplement its answer to Interrogatory No. 7 to include a description of all of the relief sought by Plaintiffs, including, but not limited to, all of the financial relief sought.

4. Answer to Interrogatory No. 8.
   Mr. Cox did not answer Interrogatory No. 8, which seeks financial information, and objected to it on the grounds that "it attempts to solicit information not reasonable [sic] calculated to lead to admissible evidence." You have already lost this argument, as evidenced by the Court's denial of your Motion to Quash the Subpoena to Wells Fargo Bank.

**Plaintiff Cox's Responses to Document Requests**:

1. Objections to Request Nos. 1, 2, 3, 4, 5, 6, 7, 8, 11, 12, 13, 14, 16, 17, and 18.
   Mr. Cox objected to Request Nos. 1, 2, 3, 4, 5, 6, 7, 8, 11, 12, 13, 14, 16, 17, and 18 because he claims that such requests are not reasonably calculated to lead to the discovery of admissible evidence and/or overly broad and/or burdensome. A responding party cannot merely provide general objections; all objections must be stated with particularity. Grimm at 55; *Hall* at 474. Mr. Cox offered no explanation as to why he claims that Request Nos. 1, 2, 3, 4, 5, 6, 7, 8, 11, 12, 13, 14, 16, 17, and 18 are not reasonably calculated to lead to the discovery of admissible evidence and/or overly broad and/or burdensome.

2. Objections to Request Nos. 2, 3, 4, 5, 6, 7, 8, 11, 12, 13, 16, 17, and 18.
   Mr. Cox objected to Request Nos. 2, 3, 4, 5, 6, 7, 8, 11, 12, 13, 16, 17, and 18 because he claims that such requests seek "materials gathered in anticipation of litigation, information protected under attorney-client privilege, and attorney work product." As stated above, when the attorney-client privilege is asserted, the objection should state the attorney involved and the people present, and it should provide a description of the communication sufficient to enable the inquiring party to assess the applicability of the claimed privilege. Federal Rule of Civil Procedure 26(b)(5)(A); Discovery Guidelines 10(d). Further, the blanket assertion that a request is objectionable because it seeks to traverse the work-product doctrine or invade the attorney-client privilege will not serve to defeat the inquiry.

Kim Parker, Esquire
July 3, 2012
Page 6

    You have denied our client of virtually any discovery and it is now the end of the Court-ordered discovery period. We, therefore, have to insist that you provide responsive information immediately.

                                      Sincerely,

                                      Francis R. Laws

FRL/tbm