Date signed October 15, 2013



**JAMES F. SCHNEIDER**
**U. S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| TOP ROOFING, INC., | * | Case No. 11-22814 |
| Debtor | * | (Chapter 7) |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

| | | |
|---|---|---|
| TOP ROOFING, INC., and THOMAS COX, | * | |
| | * | |
| Plaintiffs | * | |
| vs. | * | Adv. Proc. No. 12-00041 |
| | * | |
| ROY KIRBY & SONS, INC., and ANASTASIA ELENA THOMAS, | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### *MEMORANDUM OPINION DISMISSING THE INSTANT COMPLAINT*
### *WITH PREJUDICE FOR LACK OF PROSECUTION*

This matter is before the Court upon the defendants' motions for summary

judgment and for the imposition of sanctions for discovery abuse, and upon the

plaintiffs' motions to stay and to strike motion for sanctions. For the reasons stated, all motions will be denied and the instant complaint will be dismissed for lack of prosecution.

## FINDINGS OF FACT

1. On June 20, 2011, the debtor, Top Roofing, Inc. ("Top Roofing"), a Maryland corporation, filed the instant bankruptcy case in this district as a Chapter 11 proceeding. Thomas Cox ("Mr. Cox") is the president and sole owner of the corporation. Kim D. Parker, Esquire ("Ms. Parker") is counsel to the debtor.

2. On July 28, 2011, Roy Kirby and Sons ("Kirby"), filed suit in the Circuit Court for Baltimore City against "Thomas L. Cox t/a Top Roofing," for breach of contract and for damages in the amount of $152,186.17.

3. On August 18, 2011, Top Roofing filed a suggestion of bankruptcy in the circuit court action. On October 11, 2011, Ms. Thomas made the argument before the circuit court that the automatic stay did not apply to Top Roofing because the company was a sole proprietorship and not a corporation. The court deferred a decision but declined to permit the litigation to proceed pending further consideration.

4. On October 7, 2011, Mr. Cox filed a motion to extend the automatic stay to himself as a nondebtor officer of Top Roofing [P. 11]. On October 21, 2011, the defendants filed an opposition to the motion [P. 12].

2

5.  On January 13, 2012, Top Roofing and Mr. Cox withdrew their motion to extend the automatic stay [P. 38] and filed the instant complaint for contempt of the automatic stay against Kirby and its counsel, Anastasia Elena Thomas ("Ms. Thomas").

6.  The three-count complaint sought damages from the defendants for willful violation of the automatic stay pursuant to 11 U.S.C. § 362(a)(6), which prohibits "any act to collect, assess or recover a claim against the Debtor that arose before the commencement of the case," and 11 U.S.C. § 362(k)(1), which provides for the assessment of damages against the defendants for harm caused by the violation, if the injured party is an individual.  Count 1 of the complaint demanded that the defendants reimburse the plaintiffs for attorneys' fees and costs, and that this Court assess punitive damages for the willful violation of the automatic stay.  In Count 2, plaintiffs sought a declaratory judgment against Kirby that Top Roofing was the party to the contract and not Mr. Cox.  Finally, Count 3 sought an injunction against Kirby from attempting bringing actions against Mr. Cox for debts owed by Top Roofing.

7.  On February 13, 2012, the defendants filed their answer to the complaint [P. 5], in which they denied the material allegations made in the complaint.

8.  On March 7, 2012, a pretrial conference was conducted, at which time dates and deadlines for various matters in the pending litigation were considered, agreed

upon and were memorialized in a scheduling order dated March 12, 2012 [P. 7], which

provided in relevant part, as follows:

[1.] Plaintiff's expert witnesses and reports are to be disclosed and
furnished by May 7, 2012.

[2.] Defendant's expert witnesses and reports are to be disclosed
and furnished by June 7, 2012.

[3.] Discovery is to be completed by July 5, 2012.

[4.] Dispositive motions by any party are to be filed by August 6,
2012.

[5.] A Status Report from counsel setting forth fully the status of
the case is due on July 5, 2012. . .

Scheduling order (Rice, J.) [P. 7].

9.  On April 19, 2012, the defendants by their counsel, Francis R. Laws, Esquire

("Laws"),  served interrogatories and document requests on plaintiffs, with responses

due May 22, 2012.

10.  On April 30, 2012, Ms. Parker agreed to June 6, 2012, as the date for the

plaintiffs' depositions, selected because it was 17 days after May 22, when the

plaintiffs' responses to interrogatories and document requests were due.

11.  On May 7, 2012, in accordance with the scheduling order, Ms. Parker filed

a status report [P. 10], in which she identified Marc R. Kivitz, Esquire ("Mr. Kivitz"),

as an expert witness to be called at trial to testify for the plaintiffs.

4

12.   Appended to the designation was the following report prepared by Mr. Kivitz in which he concluded that the lawsuit filed by the defendants in the Circuit Court amounted to a violation of the automatic stay:

Issue:

Is the litigation commenced by Roy Kirby & Sons, Inc., against Thomas Cox in the Circuit Court of Maryland for Baltimore City styled Roy Kirby & Sons, Inc. v. Thomas Cox, Case No. 24-C-11-005022-CN (hereinafter "the litigation") a violation of the automatic stay of 11 U.S.C. § 362.

Documents reviewed: I have reviewed

(i)  Schedules and Statement of Financial Affairs filed June 20, 2011, in Case No. 11-22814-JFS;

(ii)  Subcontract by and between Roy Kirby & Sons, Inc., contractor, and Top Roofing, subcontractor dated June 16, 2009;

(iii)  July 29, 2010, Minority Business Enterprise Certificate No. 00-00387 issued to Top Roofing, Inc., awarded by City of Baltimore;

(iv)  May 26; 2011, Minority Business Enterprise Certificate No. 01-364 issued to Top Roofing, Inc., by Maryland Department of Transportation;

(v)  Insurance, Inc., November 4, 2009, facsimile of insurance certificate issued to Top Roofing, Inc., sent to Roy Kirby & Sons, Inc.;

(vi)  Certificate of Liability Insurance dated May 24, 2010, issued to Top Roofing, Inc., as insured, naming Roy Kirby &Sons, Inc., as certificate holder;

(vii)  Certificate of Liability Insurance dated July 26, 2010, issued

5

to Top Roofing, Inc., as insured, naming Roy Kirby & Sons, Inc., as certificate holder;

(viii)  Certificate of Liability Insurance dated August 9, 2010, issued to Top Roofing, Inc., as insured, naming Roy Kirby & Sons, Inc., as certificate holder;

(ix)  Penn National Insurance general liability policy no. BA-4493M563 issued to Top Roofing, Inc.;

(x)  Maryland Department of Assessment and Taxation records for Top Roofing, Inc.;

(xi)  Complaint and exhibits and motion for summary judgment filed on July 28, 2011, by Roy Kirby & Sons, Inc., against Thomas Cox in the Circuit Court of Maryland for Baltimore City styled Roy Kirby & Sons, Inc. v. Thomas Cox, Case No. 24-C-11-005022-CN.

Conclusion: The litigation violates the automatic stay as an act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

Rationale:

1.  On January 15, 1998, Articles of Incorporation were filed for Top Roofing, Inc., with the Maryland Department of Assessments and Taxation.

2.  A subcontract dated June 16, 2009, was entered into by and between Roy Kirby & Sons, Inc., as contractor, and Top Roofing, as subcontractor ("the subcontract").

3.  Pages 7 – 9 of the subcontract require that the subcontractor obtain, provide proof to, name the contractor on, and provide a waiver of subrogation in favor of the contractor for, insurance for general commercial liability, workers' compensation, automobiles, and excess umbrella coverage.

4. On November 4, 2009, Insurance, Inc., sent by facsimile to Roy Kirby & Sons, Inc., an insurance certificate issued to Top Roofing, Inc.

5. A Certificate of Liability Insurance dated May 24, 2010, was issued to Top Roofing, Inc., as insured, and names Roy Kirby &Sons, Inc., as certificate holder.

6. A Certificate of Liability Insurance dated July 26, 2010, was issued to Top Roofing, Inc., as insured, and names Roy Kirby & Sons, Inc., as certificate holder.

7. A Certificate of Liability Insurance dated August 9, 2010, was issued to Top Roofing, Inc., as insured, and names Roy Kirby & Sons, Inc., as certificate holder.

8. Penn National Insurance general liability policy no. BA-4493M563 was issued to Top Roofing, Inc.

9. On July 29, 2010, Minority Business Enterprise Certificate No. 00-00387 was issued to Top Roofing, Inc., by the City of Baltimore.

10. On May 26; 2011, Minority Business Enterprise Certificate No. 01-364 was issued to Top Roofing, Inc., by the Maryland Department of Transportation.  Case 12-00041 Doc 10-1 Filed 05/07/12 Page 2 of 4.

11. Exhibit B to the subcontract, attached as an exhibit to the litigation, names Top Roofing, Inc., as the subcontractor.

12. Transmittal No. 00053, attached as an exhibit to the litigation, names Top Roofing, Inc., as the subcontractor.

13. Certificates of insurance held by Top Roofing, Inc., were sent to Roy Kirby & Sons, Inc., in compliance with the requirements of the subcontract.

14. Minority Business Enterprise qualifications held by Top

Roofing, Inc., were sent to Roy Kirby & Sons, Inc., in compliance with the requirements of the subcontract.

15.  From the documents thus far provided, Roy Kirby & Sons, Inc., reasonably knew or should have known from the insurance and minority business certifications as early as November 4, 2009, and perhaps earlier, that its subcontractor and the insurance required for the subcontract were held by an incorporated entity, Top Roofing, Inc.

16.  The corporate charter of Top Roofing, Inc., was in effect on June 16, 2009, at the time of execution of the subcontract, and although the charter was forfeited on October 2, 2009, charter was reinstated on January 22, 2010, by the filing of Articles of Revival.

17.  Section 362(a) of the Bankruptcy Code provides in pertinent part:

§ 362 .Automatic stay

(a) Except as provided in subsection (b) of this section, a petition under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of –

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

…

(4) any act to create, perfect, or enforce any lien against property of the estate;

...

(6) any act to collect, assess, or recover a claim against the debtor

that arose before the commencement of the case under this title;

11 U.S.C. § 362.

18.  The automatic stay became applicable to Top Roofing, Inc., at the commencement of its Chapter 11 case number 11-22814-JFS on June 20, 2011.

19.  Roy Kirby & Sons, Inc., is listed on Schedule F (page 20 of 43) filed as Docket No. 1 at the commencement of the Chapter 11 case filed by Top Roofing, Inc.

20.  Roy Kirby & Sons, Inc., is listed on Creditor Mailing Matrix (page 39 of 43) filed as Docket No. 1 at the commencement of the Chapter 11 case filed by Top Roofing, Inc.

21.  Roy Kirby & Sons, Inc., as one of the creditors of Top Roofing, Inc., [was] listed on the creditor matrix used by the U.S. Bankruptcy Court to issue Notice of the Commencement of the Chapter 11 case, providing notice to the creditors of Top Roofing, Inc., of the imposition of the injunction of the automatic stay, received that notice issued on June 20, 2011.

22.  The litigation was filed on July 28, 2011, seeking payment of claims for which Top Roofing, Inc., had previously provided to Roy Kirby & Sons, Inc., proof of insurance and minority business enterprise qualification, and was instituted after the commencement of the Chapter 11 case and thus after the injunction pursuant to the automatic stay.

23.  The litigation is not listed in response to Question 4 of the Statement of Financial Affairs (page 28 of 43) filed as Docket No. 1 at the commencement of the Chapter 11 case filed by Top Roofing, Inc., which is not surprising as the litigation was filed on July 28, 2011, after the commencement of the Chapter 11 case on June 20, 2011.

24.  Paragraphs 5 – 23 of the complaint filed in the litigation inter alia allege obligations arising under the subcontract for which Top

9

Roofing, Inc., had responsibility under its policies of insurance and for which it had provided proof of its minority business enterprise qualification to Roy Kirby & Sons, Inc.

25. The obligations alleged in the litigation arose prior June 20, 2011.

26. The litigation seeks to collect, assess, or recover a claim obligations for which Top Roofing, Inc., had responsibility under its policies of insurance and for which it had provided proof of its minority business enterprise qualification to Roy Kirby & Sons, Inc.

27. The litigation seeks to collect, assess, or recover a claim that arose prior to June 20, 2011.

28. The litigation seeks to collect, assess, or recover a claim for which Top Roofing, Inc., has listed Roy Kirby & Sons, Inc., as an unsecured creditor in its Chapter 11 case.

For these reasons, I conclude that the commencement and continuation of the litigation by Roy Kirby & Sons, Inc., violates the U.S. Bankruptcy Court's automatic stay.[1]

13. Mr. Laws said he desired an early date to depose Mr. Kivitz in order to ascertain as soon as possible whether the defendants needed to designate their own expert.

---

[1]The report is included here solely to demonstrate that the defendants were aware of the bases for the allegation that they violated the automatic stay as early as May 7, 2012. It is not included to show that they did so. Indeed, an expert's opinion is inadmissible where its effect may be to supplant the role of the Court as the maker of the decision regarding the ultimate legal issue.

14. On May 9, 2012, the plaintiffs noticed the defendants' depositions for June 6, 2012, the same date previously agreed for the plaintiffs' depositions. The defendants objected and provided alternate dates.

15. On May 23, 2012, Mr. Laws requested plaintiffs' discovery responses that had come due the day before. Ms. Parker did not respond to the request.

16. On May 30, 2012, Ms. Parker advised Mr. Laws that the discovery overdue since May 22, 2012, would not be provided until June 8, 2012, two days after the plaintiffs' depositions on June 6, 2012. On the same date, May 30, she noticed the depositions of the defendants [P. 12].

17. Ms. Parker agreed to schedule Mr. Kivitz' deposition for June 1, 2012.

18. On May 30, 2012, Mr. Laws advised Ms. Parker that the defendants would not agree to allow her to respond to paper discovery after her clients' depositions had been taken. Mr. Laws opined that the plaintiffs had waived their rights to object by having failed to file a timely objection to the discovery.

19. On June 1, 2012, the defendants took Mr. Kivitz' deposition.

20. At his deposition, Mr. Kivitz testified that only the day before, he had been provided a large quantity of documents by email from Ms. Parker upon which he relied to make his legal conclusions. These same papers were included in the defendants' document requests, but were not provided to them before or during the

deposition.  It must be noted, however, that Mr. Kivitz' report provided to the defendants a virtual blueprint of the plaintiffs' proof, including the documentary evidence upon which he relied for concluding that the defendants violated the automatic stay.

21.  On June 6, 2012, the  day agreed upon for the depositions of Mr. Cox and Top Roofing to begin at 10:00 a.m., Ms. Parker informed Mr. Laws by email sent at 8:33 a.m. that Mr. Cox would not attend because he was experiencing shoulder pain and shortness of breath and was in the hospital.

22.  Mr. Laws requested that Ms. Parker supply him with new dates for the defendants' depositions and she assured him by email that, "[a]s soon as I am able to communicate with [Mr. Cox] I will provide you with some alternative dates." However, Ms. Parker never contacted Mr. Laws with proposed dates.

23.  On June 11, 2012, Mr. Laws asked Ms. Parker when he could conduct depositions of the plaintiffs, but she did not respond.

24.  On June 13, 2012, Mr. Laws noticed the deposition of plaintiffs for June 21, 2012.

25.  The same day, June 13, 2012, after the plaintiffs' depositions were noticed, Ms. Parker served answers to discovery requests that had been overdue since May 22, 2012.  Mr. Laws complained that the answers were "virtually non-responsive in

almost every respect."

26.  On June 20, 2012, Ms. Parker emailed 97 documents to Mr. Laws, and represented that they were responsive to the defendants' discovery requests.

27.  On June 25, 2012, the debtor's Chapter 11 case was converted to a Chapter 7 proceeding *sua sponte* by this Court, which found that "[Top Roofing's] actions have created a delay that is prejudicial to creditors," and that its proposed amended disclosure statement contained inadequate information.  Order,  [P. 83].  Marc H. Baer, Esquire, was appointed Chapter 7 trustee ("Mr. Baer," or "the Trustee).

28.  On that occasion, Ms. Parker informed Mr. Laws by email that the plaintiffs would not appear for their depositions that were scheduled the next day, because of the conversion of the debtor's case to Chapter 7.

29.  The defendants have not been able to depose the plaintiffs.

30. On July 6, 2012, the defendants filed the instant motion for sanctions against the plaintiffs [P. 19].

31.  On August 6, 2012, the defendants filed the instant motion for summary judgment [P. 21].

32.  By email dated July 31, 2012, the trustee advised counsel that  he would neither oppose the filing of motions nor consent to dismissal of the complaint.  More than a year has elapsed since then, and Mr. Baer has not expressed any intention of

13

assuming or abandoning the instant complaint.

33.  On September 4, 2012, Mr. Cox filed a notice of dismissal of the complaint [P. 30].

## CONCLUSIONS OF LAW

### SUBJECT MATTER JURISDICTION AND VENUE; Fed. R. Civ. P. 37

1.  This Court has subject matter jurisdiction over the instant adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  Venue lies properly in this district pursuant to 28 U.S.C. § 1409.  The instant complaint is a core proceeding, pursuant to 28 U.S.C. § 157(b).

2.  The defendants' motion for sanctions cited only Local Maryland Bankruptcy Rule 9013-1, which is odd because the rule refers only to motions practice, and not to the imposition of sanctions for discovery abuse.

3.  Nevertheless, this Court is authorized by Federal Rule of Civil Procedure 37 to enforce the discovery rules, its own scheduling order and to punish disobedient parties for discovery abuse, by a variety of means.[2]

---

[2]The Rule, made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 9037, provides, as follows:

**Rule 37. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions.**

(a)  Motion for an Order Compelling Disclosure or Discovery.

14

_____

(1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

(2) Appropriate Court. A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.

(3) Specific Motions.

(A) To Compel Disclosure. If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.

(B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

(i) a deponent fails to answer a question asked under Rule 30 or 31;

(ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);

(iii) a party fails to answer an interrogatory submitted under Rule 33; or

(iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34.

(C) Related to a Deposition. When taking an oral deposition, the party asking a question may complete or adjourn the examination before

moving for an order.

(4)  Evasive or Incomplete Disclosure, Answer, or Response.  For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

(5)  Payment of Expenses; Protective Orders.

(A)  If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).  If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:

(i)  the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

(B)  If the Motion Is Denied.  If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.  But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

(C)  If the Motion Is Granted in Part and Denied in Part.  If

16

the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

[Text of subsection (b) effective until December 1, 2013, absent contrary Congressional action.]

(b)  Failure to Comply with a Court Order.

(1) Sanctions in the District Where the Deposition Is Taken.  If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court.

(2)  Sanctions in the District Where the Action Is Pending.

(A)  For Not Obeying a Discovery Order.  If a party or a party's officer, director, or managing agent – or a witness designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include the following:

(i)  directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv)  staying further proceedings until the order is obeyed;

17

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

(B) For Not Producing a Person for Examination. If a party fails to comply with an order under Rule 35(a) requiring it to produce another person for examination, the court may issue any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), unless the disobedient party shows that it cannot produce the other person.

(C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

[Text of subsection (b) effective December 1, 2013, absent contrary Congressional action.]

(b) Failure to Comply with a Court Order.

(1) Sanctions Sought in the District Where the Deposition Is Taken. If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court. If a deposition-related motion is transferred to the court where the action is pending, and that court orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of either the court where the discovery is taken or the court where the action is pending.

(2) Sanctions Sought in the District Where the Action Is Pending.

(A) For Not Obeying a Discovery Order. If a party or a

18

_____

party's officer, director, or managing agent – or a witness designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)  striking pleadings in whole or in part;

(iv)  staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi)  rendering a default judgment against the disobedient party; or

(vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

(B) For Not Producing a Person for Examination.  If a party fails to comply with an order under Rule 35(a) requiring it to produce another person for examination, the court may issue any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), unless the disobedient party shows that it cannot produce the other person.

(C)  Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

19

(c)  Failure to Disclose, to Supplement an Earlier Response, or to Admit.

(1)  Failure to Disclose or Supplement.  If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A)  may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B)  may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

(2)  Failure to Admit.  If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof.  The court must so order unless:

(A)  the request was held objectionable under Rule 36(a);

(B)  the admission sought was of no substantial importance;

(C)  the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or

(D)  there was other good reason for the failure to admit.

(d)  Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.

20

(1)  In General.

(A)  Motion; Grounds for Sanctions.  The court where the action is pending may, on motion, order sanctions if:

(i)  a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4) – fails, after being served with proper notice, to appear for that person's deposition; or

(ii)  a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

(B)  Certification.  A motion for sanctions for failing to answer or respond must include a certification that the movant has in

good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

(2)  Unacceptable Excuse for Failing to Act.  A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

(3)  Types of Sanctions.  Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).  Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

(e)  Failure to Provide Electronically Stored Information.  Absent exceptional circumstances, a court may not impose sanctions under these rules on a party for failing to provide electronically stored information lost as a result of the routine, good-faith operation of an electronic

## SANCTIONS FOR DISCOVERY ABUSE

4.  "Courts applying Rule 37 have found that the rule should not be applied as an initial remedy.  *See generally* 4A MOORE'S FEDERAL PRACTICE, Par. 37.03[2] at 37–88 (1990)."  *Robinson v. Yellow Freight Sys.*, 132 F.R.D. 424, 427 (W.D. N.C. 1990), *aff'd*, 923 F.2d 849 (4th Cir. 1991).

5.  Therefore, whether a plaintiff's failure to produce discovery justifies a monetary penalty and/or the dismissal of the complaint depends upon how egregious the misconduct and whether the aggrieved party has availed itself of procedures provided by Rule 37 to compel the responses.  Standing alone, the failure of plaintiffs and plaintiffs' counsel to provide discovery on a timely basis may not be sufficient grounds for this Court to impose sanctions, unless movant has tried other means to obtain discovery and such efforts have been fruitless.  Under Rule 37, these include motions to compel discovery and answers to interrogatories.  Fed. R. Civ. P. 37(a).

---

information system.

(f)  Failure to Participate in Framing a Discovery Plan.  If a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the court may, after giving an opportunity to be heard, require that party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure.

Fed. R. Civ. P. 37.

6. The cases cited by Mr. Laws in support of the motion for sanctions actually stand for the opposite proposition, namely, that the defendants are not entitled to sanctions unless they have resorted to less severe remedies for the production of discovery.[3]

---

[3]*For example, Rogler v. Phillips Bldg. Mental Retardation Program*, 126 F.R.D. 509, 513 (D. Md. 1989), cited by the defendants because the court dismissed plaintiff's complaint because the "plaintiff continually failed to participate in discovery, the opinion also stated that "Courts generally apply sanctions only to the extent that the same are reasonably necessary to accomplish the purpose of encouraging compliance with discovery orders 'rather than simply . . . punish[ing] for failure to make discovery,'", quoting 8 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2284 at 772; and *Zornes v. Specialty Indus., Inc.*, 166 F.3d 1212 (unreported), 1998 WL 886997, *8 (4th Cir. 1998), cited for the statement that "[w]hen a party deceives a court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process, the court has the inherent power to dismiss the action." However, the opinion also stated the following prerequisites for the imposition of sanctions:

In an effort to balance the competing interests of the due process rights of the litigants and the integrity of the judicial process, the Supreme Court has held that a court must consider four factors before imposing sanctions under Rule 37(d): (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice the party's noncompliance caused the opposing party, which necessarily includes an inquiry into the materiality of the evidence that the noncomplying party failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *See Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989). The Fourth Circuit has stated further that before dismissing a case with prejudice, the district court must give a party a "clear and explicit" warning of the consequences of failing to satisfy the court's conditions and orders. *Choice Hotels Int'l, Inc. v. Goodwin &*

23

7.  The defendants have acknowledged as much.  "Typically, the Fourth Circuit looks for a previous violation of court orders when reviewing a decision to dismiss for discovery violations.  Memorandum, Exhibit 2 at 6 [P. 19] (citations omitted.).  For this reason, the motion for sanctions will be denied.

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

8.  The granting of summary judgment is proper where (1) there is no dispute between the parties as to any material fact, (2) the parties disagree only as to legal questions as they may apply to the agreed upon facts and (3) a party is entitled to

---

*Boone*, 11 F.3d 469, 472 (4th Cir. 1993); *see also Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40-41 (4th Cir. 1995) (noting that "this court has emphasized the significance of warning a defendant about the possibility of default [under Rule 37] before entering such a harsh sanction"); *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 n. 2 (4th Cir. 1987) (noting that warning to parties was a "salient fact" that distinguished cases in which default judgment was appropriate sanction for discovery abuse under Rule 37).

*Id.*, at * 5.   Even *Rabb v. Amatex Corp.*, 769 F.2d 996, 1000 (4th Cir. 1985), cited for the most drastic remedy of excluding the plaintiffs' evidence and dismissing their case for willful disregard of the timetable for discovery contained in a scheduling order, cautioned that such sanctions are within the sound discretion of the court and dependent upon the egregiousness of the circumstances. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643, 96 S. Ct. 2778, 2781, 49 L. Ed.2d 747 (1976) (*per curiam*).

summary judgment as a matter of law on any given issue.[4]

_____

[4]Federal Rule of Civil Procedure 56, provides in pertinent part, as follows:

### Rule 56. Summary Judgment.

(a) For Claimant. A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

(b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

(d) Case Not Fully Adjudicated on Motion. If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which

9.  Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

10.  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L. Ed.2d 265, 273 (1986).  After a movant makes a properly supported summary judgment motion, the nonmovant has the burden of setting forth specific facts showing the existence of a genuine issue of fact and must come forward with an affirmative showing of evidence.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L. Ed.2d 202, 213 (1986).

11.  The Fourth Circuit has emphasized that the question central to the assessment of a motion for summary judgment is the consideration of "whether a reasonable jury could find in favor of the non-moving party, taking all inferences to be drawn from the underlying facts in the light most favorable to the non-movant.,"

---

the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly. . .

Fed.R.Civ.P. 56.  This Rule is made applicable to proceedings in bankruptcy by Fed.  R. Bankr. P. 7056.

*Mercantile Peninsula Bank v. French (In re French)*, 499 F.3d 345, 352 (4th Cir. 2007)

quoting *Humboldt Express, Inc. v. Wise Co., Inc. ( Apex Express Corp).*, 190 F.3d 624,

633 (4th Cir. 1999).

12.  Mr. Cox had no claim against the defendants for violating Section 362 of

the Code, because as a nondebtor, he did not enjoy the protections of the automatic

stay.

13.  Top Roofing, on the other hand, had a cognizable claim against both

defendants, because they brought suit against it, ostensibly in the name of Mr. Cox,

its sole owner, after the company filed bankruptcy.  The defendants  continued to

litigate even after a suggestion of bankruptcy was filed.  Kirby was listed as a creditor

on the debtor's mailing matrix.  It is undisputed that Kirby received notice of the filing

of the bankruptcy case.  Kirby alleged that Mr. Cox owned and operated Top Roofing

as a sole proprietorship and that Top Roofing was unincorporated.  This is disputed by

Top Roofing.

14.  There is no basis for the argument that the automatic stay does not apply

when a debtor's business is a sole proprietorship, rather than a corporation.  Regardless

of whether Top Roofing was or was not a corporation is beside the point.  The issue

is whether the litigation brought against it, no matter the type of entity it was, violated

the automatic stay as "an act to collect, assess, or recover a claim against the debtor

that arose before the commencement of the case under this title."  11 U.S.C. § 362(a)(6).  Whether Mr. Cox was also liable is irrelevant.

15.  The suit was on a subcontract entered into between Kirby and Top Roofing, not Mr. Cox.  Yet, the postpetition lawsuit named Mr. Cox as the defendant, "trading as Top Roofing."  The cause of action was really against Top Roofing, even if Mr. Cox was the sole officer and owner of the company.  His name on the complaint was mere window dressing to disguise the real party in interest.  The suit was against Top Roofing in violation of the automatic stay.  The defendants' claimed belief that Top Roofing was not a corporation is contradicted by their own documentary evidence.

16.  The defendants' own evidence demonstrates their knowing violation of the automatic stay.

17.  In such a circumstance, a non-movant might be entitled to summary judgment against the moving party.  Fed. R. Civ. P. 56(e) and *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L. Ed.2d 265 (1986).

18.  Here, summary judgment in favor of Top Roofing, the non-moving party, is precluded by the plaintiffs' refusal to provide discovery to the defendants, as well as by Ms. Parker's unjustified failure to respond to the motion for summary judgment and to reply to emails from opposing counsel.  A consequence of these shortcomings

is the denial of summary judgment to Top Roofing, which might otherwise have been entitled to it.

## DISMISSAL OF THE COMPLAINT WITH PREJUDICE

19. The plaintiffs abandoned the instant complaint even before the debtor's conversion to Chapter 7. Since the date the case was converted to Chapter 7, Mr. Cox filed a dismissal of the complaint on his own behalf. Top Roofing has failed to prosecute the complaint or request the trustee to do so. It appears from the trustee's communication with counsel and subsequent inaction that he has abandoned it as well. Therefore, the complaint will be dismissed, not as a sanction, but rather for lack of prosecution.

## CONCLUSION

20. Mr. Laws characterized the instant complaint as "mean-spirited," because the plaintiffs sued both Kirby and Ms. Thomas, who represented Kirby in the State court lawsuit. However, the mere fact that a party alleged to have violated the automatic stay also happens to be a member of the bar is no defense to a claim of willful violation thereof. Attorneys who counsel clients to violate the automatic stay do so at their own peril.

21. The defendants cannot obtain the extreme sanction of summary judgment where they have failed to show their entitlement to summary judgment as a matter of

29

law because there are no genuine disputes of material fact. The failure of the plaintiffs to provide timely discovery could have been remedied by less severe means than moving for dismissal of the complaint. As indicated, *supra*, the defendants were on notice of the plaintiffs' theory of the case, based upon Mr. Kivitz' report. The defendants were not unduly prejudiced by the plaintiffs' omissions. Various motions to compel should have been filed by the defendants before they filed the motion for sanctions.

22. When in doubt as to whether the automatic stay of Section 362 may be in effect, for the good of all, it is always preferable for a creditor to file a motion for relief from the stay in the bankruptcy court before pursuing a cause of action, risking unnecessary delay, expense and anguish which these defendants have brought upon themselves.

**WHEREFORE**, the motions for sanctions and for summary judgment will be **DENIED**, and the instant complaint will be **DISMISSED WITH PREJUDICE.**

*ORDER ACCORDINGLY.*

cc:    Kim D. Parker, Esquire
Law Offices of Kim Parker, P.A.
2123 Maryland Avenue
Baltimore, MD 21218
Counsel for the Plaintiffs

Francis R. Laws, Esquire
Thomas & Libowitz, P.A.
100 Light Street, Suite 1100
Baltimore, MD 21202-1053
Counsel for the Defendants

Marc H. Baer, Esquire
455 Main Street
Reisterstown, Maryland  21136
Chapter 7 Trustee

Katherine A. Levin, Esquire
Office of United States Trustee
101 W. Lombard Street, Suite 2625
Baltimore, Maryland  21201